IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JEROME OFFICE,** | : | **PRISONER MANDAMUS** |
| **Plaintiff,** | : | **28 U.S.C. § 1361** |
| | : | |
| **v.** | : | |
| | : | |
| **GERONDA V. CARTER,** | : | **CIVIL ACTION NO.** |
| **Defendant.** | : | **1:18-CV-990-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Jerome Office, confined in the Clayton County Detention Center in Jonesboro, Georgia, submitted an "affidavit of truth," which the Clerk docketed as a complaint for mandamus relief pursuant to 28 U.S.C. § 1361. [Doc. 1.] Plaintiff neither (1) paid the $350.00 filing fee and $50.00 administrative fee, nor (2) sought leave to proceed *in forma pauperis*. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to proceed *in forma pauperis*.

Plaintiff's construed complaint is before the Court for screening. For the reasons discussed below, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

I.      **Discussion**

Plaintiff's current record of confinement shows that he is charged with violating

AO 72A
(Rev.8/8
2)

his probation.[1]  In his "affidavit of truth," Plaintiff states that he attempted "to resolve, settle, and adjust all claims, charges, and the like offered in presentment," but he received no response from either (1) Defendant, Clayton County Judge Geronda V. Carter, or (2) Clayton County District Attorney Tracy Graham Lawson. [Doc. 1 at 1-4; Doc. 1-1 at 1-4.]

Plaintiff also provides a "certificate of non-response," which indicates that District Attorney Lawson "refused to send the confirmation that the accounts for [Plaintiff's criminal cases] had been adjusted and settled . . . ." [Doc. 1-1 at 3.] Plaintiff seeks $150,000 in damages from Judge Carter and the "dismissal of all charges, claims, debts, and the like against [Plaintiff]." [Doc. 1 at 2-3.] Plaintiff also asks the Court to order Judge Carter to answer Plaintiff's "affidavit of truth." [*Id.* at 3.] Furthermore, Plaintiff claims that District Attorney Lawson and the Clayton County Superior Court owe him $50,000. [Doc. 1-1 at 4.]

"By statute, a federal district court may issue a writ of mandamus only to 'compel an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff.' 28 U.S.C. § 1361 (emphasis added)." *Brown v. Lewis*,

---

[1]    *See* Clayton Cty. Inmate Info. Search, http://www.claytoncountyga.gov/ departments/public-safety/sheriff/inmate-search.aspx (searching "Name" for "Office Jerome" and then following link to first result) (last visited Mar. 20, 2018).

AO 72A
(Rev.8/8
2)

361 Fed. Appx. 51, 56 (11th Cir. Jan. 12, 2010) (per curiam).  Federal courts lack subject matter jurisdiction to grant mandamus relief with respect to state and local officials.  *See Moye v. Clerk, DeKalb Cty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).[2]  Accordingly, Plaintiff may not obtain a federal writ of mandamus against Judge Carter or District Attorney Lawson.  Judge Carter is also entitled to absolute immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit . . . .").

Furthermore, "Article III of the Constitution limits the jurisdiction of the federal courts to actual 'cases' or 'controversies.' . . . The purpose of the requirement is readily apparent — to limit the federal courts to deciding issues presented in an adversary framework amenable to judicial resolution and to maintain separation of powers among the three branches of government."  *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968)).  As a result of Article III's cases-or-controversies limitation, federal courts do not issue advisory opinions.  "The prohibition on advisory opinions is a logical corollary of the case or controversy requirement.  'Thus, no justiciable controversy is presented . . . when the parties are

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

AO 72A
(Rev.8/8
2)

asking for an advisory opinion . . . .' " *Id.* at 1146 (quoting *Flast*, 392 U.S. at 95).

In the present action, Plaintiff asserts that (1) his criminal cases are "accounts" that have been "settled," and (2) Clayton County officials' failure to send "confirmation" means that Plaintiff is entitled to damages. [Doc. 1 at 1-4; Doc. 1-1 at 1-4.] Plaintiff's legal theories are similar to those advanced by "sovereign citizens." As the United States Court of Appeals for the Eleventh Circuit has noted, "sovereign citizen" legal theories are frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Accordingly, Plaintiff fails to present a "case" or "controversy" under Article III of the Constitution. The present action should be dismissed without prejudice for lack of subject matter jurisdiction. *Bowen v. First Family Fin. Svcs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000).

## II.     Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

AO 72A
(Rev.8/8
2)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this   21st

day of March, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)